**James Doyle, Appellant, v. John C. Owen, Appellee.**

**Gen. No. 5,116.**

1. PHYSICIANS AND SURGEONS—*liability in action for malpractice.* In an action for malpractice the jury have a right to consider the bad result in connection with all the other evidence in arriving at the fact as to whether negligence has been proven against the surgeon; but it is proper in such an action to instruct the jury that the mere fact that a cure is not effected, alone or of itself is not evidence of negligence.

2. PHYSICIANS AND SURGEONS—*what not defense to action for malpractice.* Even though the carelessness of the patient has contributed somewhat to the bad result shown by the evidence, nevertheless the surgeon is liable if it appears that he unskillfully and negligently treated the case; but the liability of a surgeon in such a state of facts is limited only to those damages which were the result of his own negligence and unskillfulness.

Action on the case. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

DONAHOE, McNAUGHTON & McKEOWN, for appellant.

E. MEERS, for appellee; JOSEPH W. JONES, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought by appellant

against appellee, a physician and surgeon, to recover damages alleged to have been sustained in consequence of the alleged unskillfull and negligent manner in which appellee treated the fracture of a leg of appellant between the knee and ankle. A statement of the facts or discussion of the evidence introduced on the trial is not regarded as essential, as the decision of the case must turn upon the instructions given by the court at the request of the appellee.

On a trial before a jury a verdict was rendered in favor of appellee, defendant. The rule is well settled by the authorities that where the evidence is conflicting on the main controversy in the case the instructions should be accurate. In this case the evidence was conflicting as to whether the condition of appellant's leg was caused by a disobedience by appellant of the instructions of appellee or whether it was caused by unskillful surgical treatment.

The 9th instruction given for appellee told the jury that "the mere fact that a cure was not effected is no evidence of negligence on the part of the defendant; but before the plaintiff can recover he must prove that the defendant was guilty of some negligence in causing the injuries and that he himself was free from any acts of carelessness or negligence which contributed to such injuries." The original injury may have been caused solely by the negligence of the plaintiff, and the treatment by the surgeon have been very negligent, yet under this instruction there could in such case be no recovery. The instruction should have limited the contributory negligence to the injuries alleged in the declaration.

The 10th instruction told the jury "that they cannot draw the conclusion of neglect on the part of the defendant from proof of what the result of the treatment was: that the burden of proof is on the plaintiff to show by the greater weight of the evidence that the treatment complained of was improper; unless you can say under your oath as jurors that the evidence shows improper treatment of the plaintiff by the de-

fendant, it is your duty to find the defendant not guilty." These instructions (9 and 10) should have stated that the mere fact that a cure is not effected alone or of itself is not evidence of negligence. The fact that there was a bad result was evidence to be considered with all the other evidence in the case in arriving at the fact as to whether negligence had been proved against the defendant. The jury would not be authorized from the mere fact that a bad result was obtained to render a verdict against the defendant, but that evidence should be considered with all the other evidence in deciding the question whether the defendant was negligent. This instruction is also misleading as to the degree of proof required. The eleventh instruction is subject to the same criticisms.

The 6th instruction given on the part of the appellee told the jury that if the plaintiff during the treatment by the defendant was guilty of any acts of carelessness which contributed to the injuries complained of he is not entitled to recover in this suit. The evidence tended to show, on the one side, that the appellant in the earlier treatment of the case had not received instructions from the surgeon with reference to the care to be observed by him while under treatment; on the other hand, the proof tended to show that full instructions were given by the surgeon and were disregarded by the appellant. "Even though no instructions are given a patient, he is required to exercise such ordinary prudence as would be expected of a person situated in his condition, and a failure on his part to exercise this prudence will prevent recovery." "Where however liability for malpractice has been incurred, subsequent negligence of the patient * * * of such nature as to aggravate the injury, does not discharge the liability of the physician, but merely goes in mitigation of damages." 22 Am. & Eng. Encyc. of Law, 807 (2nd Ed.). If it were true that carelessness on the part of the appellant in the first part of the treatment contributed somewhat to a bad result and the injuries arising therefrom, and that the surgeon

unskillfully and negligently treated the case thereafter, the fact that the appellant may have been negligent and caused some injury to himself would not relieve the surgeon from any damages that might have been sustained because of such subsequent negligence of the surgeon, if any, but the surgeon would be responsible for all the damages that were the direct result of his subsequent negligence; a surgeon will not be relieved from responding in damages for subsequent negligent treatment because the appellant had previously thereto been negligent or careless. If the negligence of a patient contributed proximately to the injuries, then there can be no recovery, but negligence on the part of a patient is not a bar to recovery where it did not contribute proximately to the injuries caused by a surgeon's malpractice. The evidence is very conflicting as to the cause of the injuries alleged in the declaration. The 6th, 9th, 10th and 11th instructions should have been more carefully guarded on the foregoing propositions, and being misleading and liable to erroneous interpretations, the judgment is reversed and the cause remanded because of such misleading instructions.

*Reversed and remanded.*